REGAN, Judge.
Plaintiff, Martin V. Holder, the insured, instituted this suit against the defendant, Delta Life Insurance Company, endeavoring to recover alternatively for the loss of both feet the sums of $750, $650 or the return of the premiums paid after May 20, 1953, on two policies of insurance, reflecting primary death benefits in the respective amounts of $300 and $250 and! which were issued under the dates of November 8 and November 15, 1943.
The defendant answered and admitted' the issuance of the foregoing policies, but denied that it was liable to the plaintiff in any amount whatsoever since the policies-excluded any loss caused by injury or disease incurred by the insured prior to the-date of the issuance of the policies.
From a judgment in favor of defendant dismissing plaintiff’s suit, he has prosecuted' this appeal.
It is conceded that the plaintiff suffered: from a “circulatory condition” designated as “Buerger’s Disease” for several years-prior to the issuance of the foregoing contracts of insurance; that as a result thereof his right leg was surgically amputated below the knee on March 18, 1951 and his left leg was similarly removed oni May 20, 1953. Following the first operation plaintiff filed a claim with the defendant for $125 for the loss of one foot ostensibly in conformity with the provisions, of one of the policies. Defendant refused’ payment thereof for the reason that the loss-was incurred by virtue of a disease which existed prior to the issuance of the insurance. Plaintiff continued payment of the-premiums as they matured and, as a result,, both policies were in full force and effect when the second amputation occurred to-the lower left leg on May 20, 1953. Thereafter demand was again made upon the-defendant for the payment of the loss of both feet in conformity with Schedule B-of each policy and liability was again denied for the same reason.
Each of the policies provided for primary-death, accidental death and disability benefits for the loss of both hands, feet or eyesight. The accidental death and disability benefits are “granted without the-payment of additional premiums” and “upon receipt of due proof that the insured has-suffered the loss by severance of both hands or both feet, or of one hand and one foot, or has suffered irrecoverably the: *734 loss of the entire sight of both eyes, the insured will be deemed totally and permanently disabled. * * * These additional benefits shall be granted only if such loss occurs solely as the result of disease or injury contracted or sustained after the date of this policy.”
The policies further contained an “Incontestable Clause” which reads:
“This Policy shall be incontestable after it has been in force and effect for a period of one year from its date of issue, except for non-payment of premiums, and except as to provisions and conditions relating to misstatement of age, Suicide, Accidental Death, total and permanent disability, aeronautics, military and/or naval service.”
Defendant concedes that it not only refused to recognize the claims asserted by the plaintiff, but that it also refused to return to him the paid premiums and that it continued after the occurrence of the first amputation to accept from him the premiums as they matured on the respective policies of insurance. In resisting the •claim of plaintiff, defendant maintains that the policies exclude any loss caused to the plaintiff by injury or disease incurred by him prior to the date of the issuance of the contracts of insurance and that the premiums collected from the plaintiff were for the primary death benefits, since the other benefits were granted without the payment of additional premiums
■ Plaintiff, on the other hand, insists that the defendant was guilty of “misrepresenting the provisions of the policies” for the reason that when the defendant declined to recognize plaintiff’s initial claim for the loss of his right foot and subsequently accepted the premiums as they matured on these policies that it, in effect, waived, insofar as the second amputation was concerned, the unsound health clause or that condition of the policy which reads “these additional benefits shall be granted only if such loss occurs solely as the result of disease or injury contracted or sustained after the date of this policy.”
The contracts of insurance reflect that it was clearly the intention of the parties that even after the expiration of the period of one year, as revealed by the rationale of the incontestable clause, the loss of limbs or eyesight caused by a disease existing prior to and at the time the policy was written was not one encompassed by the terms of the policy, but one expressly excepted therefrom. When the claim for the loss of the right leg was asserted in 1951, the defendant properly refused to pay the benefits enumerated in the policy for the reason that the loss resulted from a disease existing at the time the policy was issued. The defendant was also compelled to continue to accept the premiums if the insured wished to pay them since it could not then void the policies under the unsound health clause because such a course of action was barred by the incontestable clause that is, the policies had to remain in force insofar as the death benefits were concerned and similarly for any loss of limb or eyesight which might result from a disease or injury contracted or sustained after the date of the issuance of the policies. The plaintiff is, therefore, not entitled to recover either for the loss of his feet or the premiums.
For the reasons’ assigned the judgment appealed from is affirmed.
Affirmed.